Luke F. Zadkovich
Edward W. Floyd
FLOYD ZADKOVICH (US) LLP
215 Park Avenue South, 11th Floor
New York, NY, 10003
(917) 999-6914
(917) 868-1245
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com

*Attorneys for Plaintiffs Local Counsel*

Jason P. Waguespack (LA Bar No.: 21123)
Andrew V. Waters (LA Bar No.: 37913)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
(504) 525-6802
jwaguespack@gallowaylawfirm.com
awaters@gallowaylawfirm.com

*Pro Hac Vice to be Submitted*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

BBC CHARTERING CARRIERS
GmbH & CO. KG,

            *Plaintiff*,

            -against-

SIEMENS GAMESA RENEWABLE
ENERGY, INC., f./k./a. SIEMENS WIND
POWER, INC.,

            *Defendant*.

-----------------------------------------------------x

Case No.: 19-CV-

**COMPLAINT IN ADMIRALTY**
Pursuant to Rule 9(h) of the
Federal Rules of Civil Procedure

        The plaintiff, BBC Chartering Carriers GmbH & Co. KG ("BBC"), files this Complaint in

admiralty and respectfully represents as follows:

## Parties

        1.        Upon information and belief, the defendant, Siemens Gamesa Renewable Energy,

Inc. (formerly known as Siemens Wind Power, Inc.) ("Siemens"), is a corporation organized and

existing under the laws of the State of Delaware.

2.      BBC is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany, which was and is engaged in the business of operating vessels for the carriage of goods by sea.

## Jurisdiction

3.      This Court has subject matter jurisdiction over the dispute at issue under both 28 U.S.C. § 1332 because complete diversity of the parties exists and the amount in controversy exceeds $75,000.00 and 28 U.S.C. § 1333 because this action arises out of the breach of a maritime contract, and BBC elects to designate this as an admiralty or maritime claim under Fed. R. Civ. Proc. R. 9(h).

4.      Siemens, as shipper, and BBC, as the common carrier, entered into a contract for carriage of 513 wind turbine generator blades over the course of 22 voyages from Nangang, Shanghai, China, to Corpus Christi, Texas (the "Contract").

5.      This Court has personal jurisdiction over Siemens and BBC because the terms and conditions of the Contract expressly provide exclusive jurisdiction over disputes arising out of the performance of the contract to the United States District Court for the Southern District of New York.

6.      This Contract was evidenced by BBC Booking Note Number 16-640, which incorporated by reference a series of terms and conditions that provide in pertinent part as follows:

### 3. Liability Under the Contract

(a) Unless otherwise provided herein, the Hague Rules contained in the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment shall apply to this Contract. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply.

[***]

SPECIAL CLAUSES

[***]

B. U.S. Trade Period of Responsibility

(iv) Whenever the U.S. COGSA applies, whether by virtue of carriage of cargo to or from the US or otherwise, any dispute arising out of or in connection with the Contract evidenced by this Bill of Lading shall be exclusively determined by the United States District Court for the [New York, New York (sic)], and in accordance with the laws of the United States. [Siemens] further agrees to submit to the jurisdiction of the [New York, New York (sic)] and to waive any and all objections to venue.

See Booking Note dated December 2, 2016, attached as Exhibit A.

7.      Because China (as the country of shipment under Clause 3(a) of the Contract's terms and conditions) has not enacted the Hague Rules, the U.S.'s (the country of destination) respective enactment, the U.S. Carriage of Goods by Sea Act ("COGSA"), applies. *See* 46 U.S.C. § 30701 n.1.

8.      Given that COGSA applies to the Contract, Special Clause B(iv) requires the application of U.S. law to this dispute and waives any potential objection available to Siemens regarding this Court's exercise of personal jurisdiction over the parties.

## **Underlying Facts**

9.      After BBC performed 14 of the 22 voyages contemplated by the Contract, Siemens cancelled the remaining eight voyages in breach of the Contract.

10.     The Contract's terms and conditions provide in pertinent part as follows:

Freight, Deadfreight, Charges, Costs, Expenses, Duties, Taxes, and Fines

[***]

(h) In the event that the Merchant fails for whatever reason to tender or load the cargo or part thereof, the Carrier shall be entitled to damages and/or deadfreight in respect of the cargo not loaded and such damages shall be considered liquidated damages and quantified on the basis of the applicable freight rate, less stevedoring and port costs saved as a consequence. The Carrier shall not be required to call the loadport in order to be entitled to the damages and/or deadfreight under this paragraph.

11.     Given Siemens's failure to tender or load the subject cargo, Clause 11(h) of the Contract's terms and conditions required Siemens to pay deadfreight in an amount equal to the freight that would have been owed to BBC had the contemplated voyages been completed (less the port charges and stevedoring costs that would have been incurred in connection with the cancelled voyages).

12.     Having paid freight for only 336 blades, Siemens was obligated to pay freight less anticipated expenses for 177 additional blades under the Contract at the time Siemens cancelled the eight remaining voyages.

13.     The freight rate for the blades carried under the Contract was $15,000.00 per blade, or $2,655,000.00 in total, and the anticipated expenses were approximately $1,097,559.00.

14.     Therefore, under the terms and conditions of the Contract, Siemens owes BBC approximately $1,557,441.00 in deadfreight for the eight cancelled voyages.

## COUNT 1 – BREACH OF MARITIME CONTRACT

15.     BBC incorporates and reasserts the allegations contained in Paragraphs 1 through 14 as if fully set forth herein and further alleges both in addition and the alternative:

16.     BBC brings this claim against Siemens, as more fully set out above, because Siemens entered into and breached a maritime contract with BBC.

17.     BBC has performed its obligations under the Contract as set forth above. Siemens, on the other hand, has failed to comply with the terms and conditions of the Contract giving rise to this suit by first cancelling the final eight voyages contemplated by the Contract and subsequently refusing to pay the outstanding amounts owed for deadfreight.

18.     Accordingly, Siemens is in breach of the Contract and is indebted to BBC in the amount of $1,557,441.00.

## COUNT 2 – PROMISSORY ESTOPPEL / DETRIMENTAL RELIANCE

19.     BBC incorporates and reasserts the allegations contained in Paragraphs 1 through 18 as if fully set forth herein and further alleges both in addition and the alternative:

20.     BBC entered into the Contract with Siemens for the carriage of turbine blades over the course of a series of voyages from China to the U.S., which required several months of careful planning and preparation regarding the rotations of a significant portion of BBC's fleet to ensure that capable vessels would be in position to load the necessary blades when required by Siemens.

21.     After BBC agreed to carry the blades on behalf of Siemens, BBC had the opportunity to carry additional cargo in place of the blades, but BBC relied on Siemens's promise to furnish the number of blades agreed to under the Contract in refusing to pursue such opportunities.

22.     After Siemens refused to tender the number of blades promised under the Contract, BBC suffered reliance damages when it was precluded from seeking alternative cargo to ship in place of the blades, and the opportunity cost of these lost opportunities is best measured by the deadfreight owed for the cancelled voyages.

23.     Accordingly, BBC detrimentally relied on Siemens's promise, and Siemens is therefore indebted to BBC in the amount of $1,557,441.00 under the Contract.

WHEREFORE, the plaintiff, BBC Chartering Carriers GmbH & Co. KG, respectfully requests that this Court enter judgment against the defendant, Siemens Gamesa Renewable Energy, Inc., in the amount of $1,557,441.00 in outstanding deadfreight owed under the relevant contract for carriage, with interests and costs, such as attorneys' fees as determined to be reasonable by this Court, and including pre-and post-judgment interest and any other general or equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Luke F. Zadkovich*
Luke F. Zadkovich
Edward W. Floyd
FLOYD ZADKOVICH (US), LLP
215 Park Avenue South, 11th Floor
New York, NY, 10003
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com

*Local Counsel for Plaintiff*
*BBC Chartering Carriers GmbH &Co. KG*

OF COUNSEL:

Jason P. Waguespack (Louisiana Bar No.: 21123)
Andrew V. Waters (Louisiana Bar No.: 37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Phone: (504) 525-6802
Telecopier: (504) 525-2456

*Pro Hac Vice to be Submitted*